IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mabel Perez, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   09 C 6021 |
| Financial Recovery Services, Inc., a Minnesota corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
|     Defendants. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Mabel Perez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.  Plaintiff, Mabel Perez ("Perez"), is a citizen of the State of Utah, from whom Defendants attempted to collect a delinquent consumer debt for a Sears credit card, despite the fact that she was represented as to this debt by the legal aid attorneys

at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. FRS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant FRS is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant FRS is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

7. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that act as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt that it had its agent, Defendant FRS, attempt to collect from Ms. Perez.

8. Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debt it then tries to collect via other collection firms, like Defendant FRS.

. 9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, Illinois Secretary of State record attached as Exhibit C.

10. Defendant LVNV is licensed to act as a collection agency in Illinois. See, Illinois Division of Professional Regulation record attached as Exhibit D.

## FACTUAL ALLEGATIONS

11. Ms. Perez is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Sears credit card. When Defendants began trying to collect the Sears debt from Ms. Perez, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. On February 21, 2009, one of Ms. Perez's attorneys at LASPD wrote to Defendants to advise them that Ms. Perez was represented by counsel, and directing them to cease contacting Ms. Perez and to cease all further collection activities because Ms. Perez was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Disregarding this letter, Defendants sent Ms. Perez two collection letters, one dated March 24, 2009 and the other dated April 23, 2009, demanding payment of the Sears debt. Copies of these collection letters are attached as Exhibits F and G, respectively.

14. Accordingly, on April 24, 2009, Ms. Perez's LASPD attorney had to send Defendants another letter, directing them to cease communications/collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications/Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Perez's agent, LASPD, told Defendants to cease communications/collections (see, Exhibit E). By continuing to communicate regarding this debt and demanding payment (see, Exhibits F and G), Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

4

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew that Ms. Perez was represented by counsel in connection with her debt because the attorneys at LASPD had informed Defendant, in writing (Exhibit E), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Perez. By directly writing to Ms. Perez (Exhibits F and G), despite being advised that she was represented by counsel, Defendants violated § 1692c (a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## FRSYER FOR RELIEF

Plaintiff, Mabel Perez, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Perez, and against Defendants, FRS and LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mabel Perez, demands trial by jury.

Mabel Perez,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 28, 2009

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com